# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Karen Jacobs**
(302) 351-9227
kjacobs@mnat.com

February 16, 2016

**BY E-FILING**

The Honorable Christopher J. Burke
United States Magistrate Judge
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

RE: *Kaavo Inc. v. Amazon.com, Inc. and Amazon Web Services, Inc.,*
C.A. No. 14-353-LPS;
*Kaavo Inc. v. BMC Software, Inc.,*
C.A. No. 14-1191-LPS-CJB;
*Kaavo Inc. v. Cognizant Technology Solutions Corporation,*
C.A. No. 14-1192-LPS-CJB; and
*Kaavo Inc. v. Tier 3, Inc., et al.,*
C.A. No. 14-1193-LPS-CJB

Dear Judge Burke:

      We write in response to Kaavo's February 11, 2016 letter, asking that the stay in the above-referenced matters ("*Kaavo I*") be lifted. D.I. 36.[1] For the reasons set forth below, Defendants respectfully submit that the stay should remain in place.

      On April 9, 2015, this Court granted a stay of all proceedings in *Kaavo I* pending resolution of defendants AppFog, Tier 3, and Saavis's motion to dismiss and defendant Cognizant's motion for judgment on the pleadings directed to the ineligibility under 35 U.S.C. § 101 of U.S. Patent No. 8,271,974 (the "'974 patent"). D.I. 31.

      On July 24, 2015, while the Section 101 motions in *Kaavo I* were pending, Kaavo sued the same Defendants for infringement of a newly-issued patent, U.S. Patent No. 9,043,751 (the "'751 patent"), accusing the same websites of infringement. The '751 patent is the child of the patent-at-issue in *Kaavo I*. Those pending related cases are C.A. Nos. 15-638, -639, -640, and -641 ("*Kaavo II*").

---

[1] D.I. numbers herein refer to C.A. No. 14-1192-LPS-CJB, unless otherwise noted.

On January 4, 2016, this Court granted a stay of all proceedings in *Kaavo II* pending resolution of Defendants' Section 101 motions to dismiss filed in *Kaavo II*. *See, e.g.*, C.A. No. 15-641, D.I. 30. Briefing on the Section 101 motions in *Kaavo II* is now complete, and the parties are awaiting oral argument on those matters.

Defendants respectfully submit that the stay in *Kaavo I* should remain in place. Defendants intend to seek leave to promptly file a subsequent motion for judgment on the pleadings or a motion for early summary judgment as to the remaining dependent claims of the '974 patent.[2] Defendants believe that maintaining the stay until the Court can examine the patent eligibility of the claims in *Kaavo II* and the remaining dependent claims in *Kaavo I* is the most efficient, and the most appropriate, procedure for the following reasons.

First, in granting a stay in *Kaavo II*, this Court relied in part on the inefficiency in allowing one case, involving related patents and the same parties, to proceed when the related case is stayed:

> [I]n light of the fact that *Kaavo I* is stayed, and because there is likely to be significant overlap of discovery between *Kaavo I* and these cases, the Court agrees with Defendants that there could be some inefficiency in "allow[ing] this case to proceed where a related case involving the parent patent and the same parties is stayed."

C.A. No. 15-641, D.I. 30 at 3. This reasoning still applies because discovery in *Kaavo I* and *Kaavo II* is likely to significantly overlap given that both cases involve the same accused websites. It makes sense for the parties to know what, if any, claims survive in the two cases before they begin the expensive and arduous task of fact discovery, claim construction, and expert discovery.

Second, and critically, the patentability of the '974 dependent claims both is in doubt and will be imminently challenged. Although Kaavo states that the Court decided the motion to dismiss, the Court did not deny the motions as to the dependent claims on the merits and did not hold the dependent claims patent eligible. Instead, the Court denied the motions as to the dependent claims without prejudice to Defendants' ability to renew the motions because the parties had not sufficiently addressed those dependent claims in their briefs as required by *Cronos* (a decision issued only after the briefing of the Section 101 motions in *Kaavo I* had been completed). D.I. 35 at 33–34. Accordingly, Defendants intend to promptly seek leave to file an additional motion for judgment on the pleadings or for early summary judgment on the invalidity of the dependent claims. The issue of patent-eligibility is a legal issue that can be decided without discovery and without claim construction and thus Defendants respectfully submit that the course of greatest efficiency is to address the dependent claims at this juncture, while the

---

[2] Defendants Amazon.com and Amazon Web Services respectfully request the opportunity to address the invalidity of the dependent claims though they did not file or join the initial Section 101 motions in *Kaavo I*.

The Honorable Christopher J. Burke
February 16, 2016
Page 3

validity of the patents in *Kaavo I* and *Kaavo II* are both being decided.  Defendants welcome a telephonic conference with the Court to discuss the preferred vehicle for providing the Court with the briefing on the dependent claims.

                              Respectfully submitted,

                              */s/ Karen Jacobs*

                              Karen Jacobs (#2881)